IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL JESKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-cv-188 |
| | § | |
| MESA UNDERWRITERS SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") hereby removes the action styled and numbered *Daniel Jesko v. Mesa Underwriters Specialty Insurance Company*, Cause No. CI-2023-069, pending in the 222nd Judicial District Court of Deaf Smith County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I. INTRODUCTION

1.   This lawsuit arises out of Plaintiff Daniel Jesko's ("Plaintiff") claim for coverage under a property insurance policy issued by MUSIC for hail and windstorm damage allegedly sustained to Plaintiff's property on or about May 1, 2022. By way of its Original Petition, Plaintiff—an individual who resides in Deaf Smith County, Texas—asserts several common law and statutory causes of action against MUSIC—a foreign insurance company organized under the laws of New Jersey, with its principal place of business in New Jersey.

2. On September 18, 2023, Plaintiff filed its Original Petition in the the 222nd Judicial District Court of Deaf Smith County, Texas in a case styled *Daniel Jesko v. Mesa Underwriters Specialty Insurance Company,* Cause No. CI-2023-069.[1] MUSIC filed its Answer on November 20, 2023 in the 222nd Judicial District Court of Deaf Smith County, Texas.[2]

## II. NOTICE OF REMOVAL IS TIMELY

3. MUSIC was served with Plaintiff's Original Petition on October 24, 2023. Accordingly, MUSIC files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III. VENUE IS PROPER

4. Venue is proper in the United States District Court for the Northern District of Texas, Amarillo Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and MUSIC, and the amount in controversy exceeds $75,000 excluding interest and costs.

**A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and MUSIC.**

6. By Plaintiff's Original Petition, Plaintiff asserts that he is an individual who reside in Deaf Smith County Texas. An individual who is domiciled in a state is a citizen of that state for

---

[1] *See Plaintiff's Original Petition,* attached as **Exhibit E-1**.

[2] *See MUSIC's Answer,* attached as **Exhibit E-2.**

purposes of diversity jurisdiction.[3] As Plaintiff is an individual domiciled in Texas, Plaintiff is a citizen of Texas for the purposes of diversity jurisdiction.

7.    MUSIC is an insurance company organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. Consequently, MUSIC is a citizen of the state of New Jersey, and thus a citizen of New Jersey for diversity jurisdiction purposes.

8.    Because Plaintiff is a citizen of Texas and MUSIC is a citizen of New Jersey, complete diversity of citizenship exists now and on the date Plaintiff filed this lawsuit.

**B.    Removal is Proper Because the Amount in Controversy Exceeds $75,000**

9.    If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, MUSIC's burden is satisfied.[4]

10.    When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[5]

11.    The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[6]

---

[3] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[4] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[6] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[7]

12.     Plaintiff seeks monetary relief over "$250,000.00 but not more than $1,000,000.00."[8]

13.     Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V. COMPLIANCE WITH 28 U.S.C. § 1446

14.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 222nd District Court of Deaf Smith County, Texas.

15.     All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

16.     As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

    (1)     a completed civil cover sheet; **Exhibit A**

    (2)     a supplemental civil cover sheet, **Exhibit B**;

    (3)     a notice of removal with a copy of each of the following:

        (A)     an index of all documents that clearly identifies each document and indicates the date the document was filed in state court, **Exhibit C**;

        (B)     a copy of the docket sheet in the state court action, **Exhibit D**;

---

[7] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[8] *See Plaintiff's Original Petition,* attached as **Exhibit E-1**.

  (C) each document filed in the state court action, except discovery, **Exhibits E-1 – E-2;**

  (D) a separately signed certificate of interested persons, **Exhibit F.**

## VI. <u>JURY DEMAND</u>

17. Plaintiff demanded a jury trial.[9]

## VII. <u>CONCLUSION</u>

WHEREFORE, Defendant Mesa Underwriters Specialty Insurance Company requests that this action be removed from the 222nd District Court of Deaf Smith County, Texas, to the United States District Court for the Northern District of Texas, Amarillo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ M. Paige Tackett*
 Steven J. Badger
 Texas Bar No. 01499050
 sbadger@zellelaw.com
 M. Paige Tackett
 Texas Bar No. 24083935
 ptackett@zellelaw.com
 Austin J. Taylor
 Texas Bar No. 24125862
 ataylor@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**

---

[9] *See* Plaintiff's Jury Demand, attached as **Exhibit E-1**.

## CERTIFICATE OF SERVICE

This is to certify that on November 21, 2023, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

T. Scott Edwards
Texas Bar No. 24075867
Insurance Claim Lawyers, Inc.
d/b/a Hair Shunnarath Trial Attorneys, L.L.C.
3540 S. i-10 Service Road W, Suite 300
Metairie, LA 70001

**ATTORNEY FOR PLAINTIFF**

*/s/ Austin J. Taylor*
Austin J. Taylor